# EXHIBIT A

**MASTER SETTLEMENT AGREEMENT WITH MUTUAL RELEASES**

This Master Settlement Agreement with Mutual Releases (this "Agreement") made effective on the date that the Court (defined below) enters an order approving this Agreement (the "Effective Date"), is by and between Jack Rice and Randy Banfi (the "Named Plaintiffs") and all Opt-in Plaintiffs (defined below) (the Named Plaintiffs and the Opt-in Plaintiffs are collectively, the "Plaintiffs," on the one hand, and David Jefferson, Sr. ("Defendant"), on the other hand. Plaintiffs and Defendants are each are "Party" and collectively, "the Parties."

**WHEREAS**, on February 26, 2019, the Named Plaintiffs commenced a putative class and collective action against Defendant, captioned *Rice, et al. v. AlphaStaff, Inc., et al.*, 1:19-cv-01387 (the "Action"), in the United States District Court for the Northern District of Illinois (the "Court");

**WHEREAS**, on June 17, 2019, the Named Plaintiffs voluntarily dismissed the claims against AlphaStaff, Inc., proceeding solely against Defendant;

**WHEREAS**, in the putative Class and Collective Action Complaint ("Complaint") filed in the Action, the Named Plaintiffs alleged, among other things, that Defendant violated the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the Illinois Wage Payment and Collection Act ("IWPCA");

**WHEREAS,** as of the filing of the Action, 54 individuals (the "Opt-in Plaintiffs") joined the Action by filing a Consent to Sue.

**WHEREAS**, having consulted with their respective counsel, Plaintiffs and Defendant each independently concluded that it is in their respective best interests to settle and resolve amicably and expeditiously any and all disputes and controversies that have been or could have been raised between them; and

**WHEREAS**, Defendant denies any liability or wrongdoing of any kind whatsoever associated with the claims alleged in Plaintiffs' Complaint. Specifically, Defendant denies that his pay practices failed to comply with the FLSA, the IMWL, or the IWPCA, or any other federal or state law. Defendant submits that he complied with all applicable laws at all times.

1

**NOW, THEREFORE**, in consideration of the mutual promises exchanged herein and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Parties hereby agree as follows:

## ARTICLE I
## SETTLEMENT PAYMENT

**1.1** **Incorporation of Recitals**. The recitals above are incorporated by reference into the operative provisions of this Agreement.

**1.2** **Total Settlement Amount.** Within ninety (90) days of the Effective Date, Defendant will pay the total sum of (and not to exceed) $20,000.00 (the "Total Settlement Amount") in complete settlement of the Action. The Total Settlement Amount less Johnson Becker, PLLC ("Johnson Becker") and Meyers & Flowers, LLC's ("Meyers & Flowers") (Johnson Becker and Meyers & Flowers are collectively, "Plaintiffs' Counsel") expenses and costs in the amount of $2,000.00 shall be defined as the "Net Settlement Amount." Therefore, the Net Settlement Amount is $18,000.00. The Net Settlement Amount is inclusive of any interest, litigation costs, back wages, liquidated/statutory damages, penalties, and is also inclusive of the full amount of federal, state, and local withholdings (if applicable) on any wages portion of the Net Settlement Amount, and any employer share or Defendant's share of payroll taxes on the wages portion of the Net Settlement Amount paid to Plaintiffs.

**1.3** **Settlement Payment**. Defendant shall pay (i) the Net Settlement Amount via a check in the amount of $18,000.00 made payable to Johnson Becker's Client Trust Account for distribution to Plaintiffs by Plaintiffs' Counsel in accordance with Section 1.4 of this Agreement; and (2) pay via a check in the amount of $2,000.00 made payable to "Johnson Becker, PLLC" for Plaintiffs' Counsels' expenses and costs. The amount payable to Johnson Becker, PLLC pursuant to this Section 1.3 shall be understood to reimburse Plaintiffs' Counsel for their expenses and costs

2

related to litigating the Action and effectuating and administering the settlement. For purpose of this settlement only, Plaintiffs and Plaintiffs' Counsel waive any other outstanding and unpaid attorneys' fees incurred from litigating the Action, and, subject to Section 3.2, below, following the Court's approval of this Agreement, Plaintiffs nor Plaintiffs' Counsel will submit a petition to the Court for their attorneys' fees, expenses, and costs. In the event that the Court approves less than $2,000.00 to Plaintiffs' Counsel, this Agreement shall remain in full force and effect and be binding on the Parties. Plaintiffs' Counsel is responsible for all federal, state, and local tax liabilities that may result from the payment of such amount to Plaintiffs' Counsel for their expenses and costs, and Defendant shall bear no responsibility for any such tax liabilities.

   **1.4**   **Distribution of the Net Settlement Amount.** Within twenty-eight (28) calendar days of receipt of the Net Settlement Amount, Plaintiffs' Counsel shall disburse to Plaintiffs the proceeds of the Net Settlement Amount from Johnson Becker's Client Trust Account by mailing a check to each Plaintiff. Plaintiffs acknowledge it is their individual responsibility to make tax payments on these amounts, if applicable. The Net Settlement Amount will be distributed to Plaintiffs evenly on a pro rata distribution basis after an incentive payment ("Incentives Payments") of $250 to each of the Named Plaintiffs for their time and effort to bring the Action. The pro rata settlement payment (the "Settlement Payment") under this Agreement, exclusive of the incentive payment to each Plaintiff, is approximately $312.50 per Plaintiff.

   **1.5**   **Apportionment of the Net Settlement Amount.** The Net Settlement Amount has been apportioned as set forth below:

   (i)   $3,000.00 of the Net Settlement Amount shall be allocated towards Plaintiffs' IMWL claims and shall be considered wages;

   (ii)   $3,000.00 of the Net Settlement Amount shall be allocated towards Plaintiffs' IWPCA claims and shall be considered wages; and

   (iii)   $12,000.00 of the Net Settlement Amount shall be allocated towards Plaintiffs' FLSA claims. Fifty percent (50%) of this $12,000.00 shall be considered wages and the other 50% shall be allocated as penalties, interest, and other non-wage recovery.

**1.6** **Tax Liability**. Defendant makes no representations with respect to the taxability of any payments made pursuant to this Agreement. Plaintiffs agree to seek their own tax advice. Plaintiffs shall be solely responsible for all federal, state, and municipal income taxes and/or penalties relating to their personal tax obligations arising from their receipt of the Settlement Payments or the Incentive Payments.

**1.7** **Opt-in Plaintiffs**. Before the joint motion to approve the settlement set forth in this Agreement is filed as set forth in Section 4.1 of this Agreement, each of the Opt-in Plaintiffs shall consent in writing to participate in the settlement of the Action and agree in writing to be bound by this Agreement ("Consents to Participate"). Counsel for Plaintiffs shall provide the signed Consents to Participate to Defendant's counsel before the joint motion to approve the settlement is filed.

**ARTICLE II**
**MUTUAL RELEASES**

**2.1** **Plaintiffs' Release of State Laws Claims.** Upon the Effective Date, Plaintiffs, on behalf of themselves and their respective agents, attorneys, representatives, heirs, executors, beneficiaries, trustees, and assigns, hereby release and discharge Defendant from any and all claims, causes of action, and rights that Plaintiffs have or could have asserted in the Action, whether known or unknown, for unpaid wages, for unpaid bonuses, overtime compensation, liquidated or other damages, unpaid costs, penalties (including late payment penalties), interest, attorneys' fees, litigation costs, restitution or other compensation and relief arising under (i) the IMWL, the IWPCA, or any other state statutes; (ii) any local laws or regulations regarding wages or the payment of wages; or (iii) or the state common law regarding wages or the payment of wages (collectively, the "Released State Law Claims"). Plaintiffs may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of

the Released State Law Claims. However, on the Effective Date, Plaintiffs shall be deemed to have forever settled and released any and all of the Released State Law Claims without regard to the subsequent discovery or existence of such different or additional facts. The Parties understand, acknowledge, and agree that Defendant's settlement of the Released State Law Claims in the Action has a preclusive effect as to any FLSA claims that would arise from the same conduct, and offsets and moots any damages that could be recovered pursuant to a claim under the FLSA.

      **2.2**    **Plaintiffs' Release of the FLSA Claims.** Upon the Effective Date, Plaintiffs, on behalf of themselves and their respective agents, attorneys, representatives, heirs, executors, beneficiaries, trustees, and assigns, hereby release and discharge Defendant from any and all claims, causes of action, and rights, that Plaintiffs have or could have asserted in the Action, whether known or unknown, for unpaid wages, for unpaid bonuses, overtime compensation, liquidated or other damages, unpaid costs, penalties (including late payment penalties), interest, attorneys' fees, litigation costs, restitution or other compensation and relief arising under the FLSA or pursuant to or derived from The Employee Retirement Income Security Act ("ERISA") to the extent such ERISA claims are premised on an alleged failure to credit any pension plan, health plan, or other employer-sponsored benefit plan account and/or benefits for all hours worked or all compensation paid or entitled to be paid (collectively, the "Released FLSA Claims"). Plaintiffs may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released FLSA Claims. However, on the Effective Date, Plaintiffs shall be deemed to have forever settled and released any and all of the Released FLSA Claims without regard to the subsequent discovery or existence of such different or additional facts. The Parties understand, acknowledge, and agree that Defendant's settlement of the Released FLSA Claims in the Action has preclusive effect as to any claims under state or local law (including without

limitation the IMWL or the IWPCA ) that would arise from the same conduct, and offsets and moots any damages that could be recovered pursuant to a claim under the FLSA.

**2.3** **Defendant's Release of Plaintiffs.** Upon the Effective Date, Defendant releases and discharges any claims against Plaintiffs arising out of their assertion of the Released State Laws Claims and/or the Released FLSA Claims.

## ARTICLE III
## NO ADMISSION OF LIABILITY

**3.1** The Parties' execution of this Agreement or any of the individual terms thereof shall not be construed or otherwise deemed to be an admission or acknowledgement by any Party of (i) any wrongdoing; (ii) any violation of any statute or law; (iii) any liability on the claims or allegations in the Action; or (iv) the propriety of certifying a collective or class in any other lawsuit, arbitration or other proceeding. Should this Agreement not become final for any reason, nothing from the settlement process, including documents created or obtained from the settlement process, shall be admissible evidence in this Action or used in any other lawsuit, arbitration or other proceeding, except to enforce the terms of this Agreement. However, nothing in this Section 3.1 shall preclude the offer, admission or use of relevant information, testimony or evidence properly and independently obtained through discovery in the ordinary course of litigation.

**3.2** In the event Defendant defaults on payments made in accordance with Sections 1.2 and 1.3, above, Defendant shall, within 14 days of default, execute and provide to Plaintiffs' Counsel a Confession of Judgment in the amount of $20,000.00. Plaintiffs' Counsel shall immediately proceed to enforce the Confession of Judgment against Defendant, and recover any and all attorneys' fees and costs necessary to enforce the judgment.

## ARTICLE IV
## DISMISSAL OF THE ACTION

**4.1** **Motion for Approval of Settlement**. On or before July 16, 2020, Plaintiffs' Counsel shall file with the Court the Parties' joint motion for approval the settlement set forth in this Agreement. Plaintiffs' Counsel shall be responsible for drafting and preparing the documents necessary to effectuate approval of the settlement. Defendant will not oppose the motion except to the extent it does not comport with this Agreement.

**4.2** **Notice of Dismissal.** Simultaneous with the Parties' execution of this Agreement, counsel for Plaintiffs shall execute a Notice of Voluntary Dismissal ("Notice of Dismissal") with prejudice in the form attached hereto as Exhibit A.

**4.3** **Filing of Notice of Dismissal.** Subsequent to the Court's entry of an order approving of this Agreement and within seven (7) business days of their receipt of the checks referenced in Section 1.3 of this Agreement, Plaintiffs' Counsel shall file the executed Notice of Dismissal with the Court.

**4.4** **Stay of the Action**. The Parties agree that all proceedings in the Action other than those related to the review, approval, and processing of this Agreement should be stayed during the pendency of the Court's consideration of this Agreement and related motion(s).

### ARTICLE V
### FAIR, REASONABLE, AND ADEQUATE SETTLEMENT

**5.1** The Parties acknowledge that this settlement is a compromise of disputed claims. The Parties have concluded that the Settlement Payments described in this Agreement are fair, reasonable, and adequate, when weighing the amount Plaintiffs reasonably believe to have received in litigation against the risk of litigation, and also accounting for the value of receiving money sooner than later.

## ARTICLE VI
## VOIDING THE AGREEMENT

**6.1** If the Court does not approve any material condition of this Agreement, this entire Agreement will be voidable and unenforceable. A material condition of this Agreement shall include, but is not be limited to, (i) Defendant having to pay any amount in excess of the Total Settlement Amount ($20,000.00); and (ii) more than 5% of the Opt-in Plaintiffs not signing a Consents to Participate. If more than 5% of the Opt-in Plaintiffs do not sign Consents to Participate, then the Agreement is voidable at Defendant's option. If this Agreement is voided, it shall have no probative value, and the Parties hereto represent, warrant, and covenant that it will not be used or referred to for any impermissible purpose, and the Parties shall be restored to their respective positions in the Action as if the settlement never occurred.

## ARTICLE VII
## PUBLICATION

**7.1** Plaintiffs and Plaintiffs' Counsel shall refrain from issuing any press release relating to Defendant, the Action, the settlement of the Action, or this Agreement, and shall not initiate any communication or discussions relating to the Action, the settlement of the Action, or this Agreement with the press. The Parties shall not, either directly or indirectly, publicly disparage any other Party to this Agreement. This provision shall not prohibit any Party from (i) making truthful statements about their experience litigating this Action or (ii) testifying in a judicial or administrative proceeding or providing deposition testimony pursuant to a valid legal process, including but not limited to, a lawful subpoena or court order. Plaintiffs' Counsel shall not reference Defendant, the Action, the settlement of the Action, or this Agreement on their websites, on social media, or in the media.

## ARTICLE VIII
## MISCELLANEOUS

**8.1** **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties with respect to the subject matter hereof. Except as otherwise expressly stated herein, this Agreement supersedes any and all prior agreements relating thereto. There are no other understandings or agreements between or among the Parties with respect to the subject matter hereof except as otherwise set forth herein. The Parties agree that no Party has relied on any representation not set forth in this Agreement for their decision to enter into this Agreement.

**8.2** **No Oral Modification.** No condition or provision of this Agreement may be modified, waived, or revised in any way except in a writing executed by the Parties and referring specifically to this Agreement.

**8.3** **Binding Effect.** This Agreement and all rights and duties set forth herein shall be binding upon and inure to the benefit of the Parties. Each of the Parties represents and warrants that they are fully authorized to enter into the terms and conditions of, and to execute, this Agreement, and that the Agreement is valid, binding, and enforceable as against each of the Parties on whose behalf they signed. This Agreement shall also be binding upon and inure to the benefit of the Parties' respective heirs, trustees, executors, guardians, conservators, and court-appointed representatives.

**8.4** **No Assignment**. The Parties represent that they have not assigned to any person or entity not a party to this Agreement any of the claims that are being released in this Agreement.

**8.5** **Knowing and Voluntary**. Plaintiffs agree that they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. Plaintiffs further affirm that neither of them has been coerced, threatened, or intimidated into signing this

Agreement; that they have been advised to consult with an attorney; and that each of them in fact has consulted with an attorney before signing this Agreement.

**8.6** **Governing Law.** This Agreement and its interpretation and performance shall be governed by the laws of the State of Illinois with regards to conflicts of law principles.

**8.7** **Venue.** For purposes of litigating any dispute arising under or relating to the construction, enforcement, or performance of this Agreement, the Parties hereby submit and consent to the exclusive jurisdiction of the state or federal court of competent jurisdiction located within the City of Chicago, State of Illinois.

**8.8** **Construction.** The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties, and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his/her or its counsel participated in the drafting of this Agreement.

**8.9** **Headings.** The section headings in this Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions.

**8.10** **Signatures.** This Agreement may be executed simultaneously or in counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same instrument. The Parties agree that signatures by facsimile or PDF shall be deemed original signatures.

IN WITNESS WHEREOF, the Parties have executed this Agreement.

By:_____          Date: DATE, 2020
      JACK RICE

By:_____          Date: DATE, 2020
      RANDY BANFI

By:_____  Date: DATE, 2020
        DAVID JEFFERSON, SR.

## **EXHIBIT A**

**Notice of Voluntary Dismissal**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACK RICE and RANDY BANFI, individually and on behalf of all similarly situated individuals, | |
| Plaintiffs, | Case No. 19-cv-01387 |
| v. | |
| DAVID JEFFERSON, personally and individually, | Honorable Steven C. Seeger |
| Defendant. | |

### NOTICE OF VOLUNTARY DISMISSAL

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), and with the terms of the Master Settlement Agreement With Mutual Releasees being fully satisfied, Plaintiffs hereby give notice that the above-captioned action is voluntarily dismissed with prejudice.

Dated: DATE, 2020

Respectfully submitted,

_____
Timothy J. Becker (MN Bar No. 256663)
JOHNSON BECKER, PLLC
444 Cedar Street, Suite 1800
St. Paul, Minnesota 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
tbecker@johnsonbecker.com

*Trial Counsel for Plaintiffs*

Peter J. Flowers
MEYERS & FLOWERS, LLC
3 North Second Street, Suite 300
St. Charles, Illinois 60174
Telephone: (630) 232-6333
Fax: (630) 845-8982

*Local Counsel for Plaintiffs*

1